IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-01641-PAB

CARA ANN THOMAS,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

This matter comes before the Court on the Complaint [Docket No. 1] filed by plaintiff Cara Ann Thomas on June 11, 2014. Plaintiff seeks review of the final decision of defendant Carolyn W. Colvin (the "Commissioner") denying her claim for disability benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-33.[1] The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).

**I. BACKGROUND**

On November 4, 2010, plaintiff applied for disability insurance benefits under Title II of the Act. R. at 12. Plaintiff alleged that she had been disabled since November 20, 2009. *Id*. After an initial administrative denial of her claim, plaintiff received a hearing before an Administrative Law Judge ("ALJ") on October 26, 2012. *Id*. On November 27, 2012, the ALJ issued a decision denying plaintiff's claim. *Id.* at

---

[1]The Court has determined that it can resolve the issues presented in this matter without the need for oral argument.

23. The ALJ found that plaintiff had the following severe impairments: fibromyalgia with associated pain and fatigue, interstitial cysts,[2] degenerative changes of the spine, and depression. *Id*. at 14. The ALJ concluded that these impairments, alone or in combination, did not meet one of the regulations' listed impairments, *id*. at 15, and ruled that plaintiff had the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 404.1567(a) except for the following restrictions and limitations: the claimant should avoid hazardous working conditions, and extremes in temperature. She should be able to stand up a few minutes every hour and stretch out. The claimant could do frequent hand work, but nothing fast paced. She could do occasional overhead and occasional push/pull work. In deference to her mental impairment she is limited to unskilled, low stress work.

*Id*. at 16-17. Based upon this RFC and in reliance on the testimony of a vocational expert ("VE"), the ALJ concluded that plaintiff was unable to perform any past relevant work, *id*. at 22, but that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id*. On April 15, 2014, the Appeals Council denied plaintiff's request for review of this denial. R. at 1. Thus, the ALJ's decision is the final decision of the Commissioner.

## II. ANALYSIS

### A. Standard of Review

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *See Angel*

---

[2]Plaintiff notes that the ALJ incorrectly "refers to this impairment as 'interstitial *cysts*,' but the correct name is interstitial *cystitis*" and that "[t]here are no 'cysts' involved with this condition." Docket No. 11 at 13, n.10 (emphasis in original).

*v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). The district court may not reverse an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in her decision. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The district court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty*, 515 F.3d at 1070. Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### B. The Five-Step Evaluation Process

To qualify for disability benefits, a claimant must have a medically determinable physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(1)-(2). Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

>which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (2006). The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). The steps of the evaluation are:

>(1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. § 404.1520(b)-(f)). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

The claimant has the initial burden of establishing a case of disability. However, "[i]f the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience." *See Fischer-Ross v. Barnhart,* 431 F.3d 729, 731 (10th Cir. 2005); *see also Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5 (1987). While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of

those facts." *Hill v. Sullivan,* 924 F.2d 972, 974 (10th Cir. 1991).

### C. The ALJ's Decision

Plaintiff argues that the ALJ erred in (1) not calling a medical expert to opine on step-three issues; (2) not properly evaluating the medical opinion evidence of plaintiff's treating physician and psychologist; and (3) not basing her credibility finding in substantial evidence. Docket No. 11 at 6-7.

Plaintiff first argues that the ALJ failed to consult a state agency medical expert to opine on the issue of the medical equivalence of her physical impairments to the Listings pursuant to SSR 96-6p, 1996 WL 374180, at *1-2 (July 2, 1996). Docket No. 11 at 15. Plaintiff contends that her physical impairments "were evaluated only by a 'single decision maker.'" *Id*. at 15. The Commissioner responds that the ALJ consulted the opinion of Dr. Irwin Matus, a state agency psychologist, whose opinion regarding plaintiff's limitations due to her fibromyalgia, depression, and anxiety was sufficient under SSR 96-6p because SSR 12-2p, 2012 WL 3104869, at *4 (July 25, 2012), "explains that [the ALJ] 'may request evidence from other acceptable medical sources, *such as psychologists* . . . to evaluate the severity and functional effects of [fibromyalgia] or any of the person's other impairments.'" Docket No. 14 at 10 (emphasis in original). Plaintiff replies that Dr. Matus, as a psychologist, does not have the requisite expertise to assess plaintiff's physical, as opposed to mental, limitations and that, even if Dr. Matus "could opine on the psychological effects of her fibromyalgia . . . that is not the case for interstitial cystitis." Docket No. 15 at 3.[3]

---

[3]There are no Listings for fibromyalgia or interstitial cystitis. SSR 02-2p addresses interstitial cystitis and provides, in part:

"At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition listed in the appendix of the relevant disability regulation." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (quotation and citation omitted).  SSR 96-6p requires the agency to obtain the opinion of a physician or psychologist on the issue of medical equivalence.  *See* SSR 96-6p, 1996 WL 374180, at *3.  SSR 96-6p explains that, although the ALJ is not bound by the medical opinion,

---

> Because there is no listing for [interstitial cystitis], we will find that an individual with [interstitial cystitis] "meets" the requirements of a listing if he or she has another impairment that, by itself, meets the requirements of a listing. We also will find that a listing is met if there is an impairment that, in combination with [interstitial cystitis], meets the requirements of a listing. For example, [interstitial cystitis] may increase the severity of coexisting or related impairments, including mental disorders, to the extent that the combination of impairments meets the requirements of a listing. This also may be true in the reverse; coexisting or related impairments may increase the severity of [interstitial cystitis].
>
> We also may find that [interstitial cystitis], by itself, is medically equivalent to a listed impairment . . .
>
> We also will find equivalence if an individual has multiple impairments, including [interstitial cystitis], no one of which meets or equals the requirements of a listing, but the combination of impairments is equivalent in severity to a listed impairment.

2002 WL 32063799, at *5 (November 5, 2002).

> SSR 12-2p addresses fibromyalgia and provides, in part:
> At step 3, we consider whether the person's impairment(s) meets or medically equals the criteria of any of the listings in the Listing of Impairments in appendix 1, subpart P of 20 CFR part 404 (appendix 1). [Fibromyalgia] cannot meet a listing in appendix 1 because [fibromyalgia] is not a listed impairment.  At step 3, therefore, we determine whether [fibromyalgia] medically equals a listing (for example, listing 14.09D in the listing for inflammatory arthritis), or whether it medically equals a listing in combination with at least one other medically determinable impairment.

2012 WL 3104869, at *6 (July 25, 2012).

"longstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight." 1996 WL 374180, at *3. SSR 96-6p further provides that the requirement can be satisfied by the "signature of a State agency medical or psychological consultant on an SSA-831-U5 (Disability Determination and Transmittal Form)." *Id*; *see Castaneda v. Astrue*, 344 F. App'x 396, 398 (9th Cir. 2009) (unpublished) (noting that the ALJ complied with SSR 96-6p, in part, because state's non-examining medical expert signed the required SSA-831-U5 forms).

Dr. Matus' evaluation considered plaintiff's psychological impairments due to fibromyalgia, affective disorders, and anxiety disorders. R. at 76. Plaintiff argues that Dr. Matus was not "qualified to opine on the issue of medical equivalence regarding Ms. Thomas' . . . fibromyalgia." Docket No. 15 at 3. However, pursuant to SSR 12-2p, an ALJ "may request evidence from . . . psychologists . . . to evaluate the severity and functional effects of [fibromyalgia]." 2012 WL 3104869, at *4. Plaintiff's argument is rejected.

Plaintiff also argues that the ALJ did not base her step three decision as to interstitial cystitis on a medical opinion. Geddes Shaw, a single decision maker who does not appear to be a psychologist or physician, completed plaintiff's physical residual functional capacity assessment and signed the Disability Determination and Transmittal Form. *Id*. at 78-79, 82.[4] There is no opinion in the record from a state

---

[4]Mr. Shaw's assessment appears to have been based on Listing 1.02 for major joints dysfunction and Listing 12.04 for affective disorders. R. at 77.

agency medical expert, physician, or even a psychologist regarding the equivalence of plaintiff's interstitial cystitis. Thus, the ALJ made her step-three finding on plaintiff's interstitial cystitis without any opinion from a medical expert on the issue of equivalence.[5]

The Commissioner argues that plaintiff's interstitial cystitis impairment cannot meet or equal a Listing's criteria because her symptoms from that impairment did not last for at least twelve continuous months. Docket No. 14 at 8. *See* 20 C.F.R. § 404.1525(c)(4) (2011). Plaintiff responds that her interstitial cystitis is a chronic condition that causes her pain every day and that she continues to treat several times a year with a bladder installation procedure. Docket No. 15 at 6. The ALJ evaluated plaintiff's impairments due to interstitial cystitis under the section 6.00 listings for genito-urinary system impairments. R. at 15. The ALJ determined that the "limitations of the claimant do not meet or medically equal the terms of any listing in this section because the evidence fails to establish the required impairment of renal function, persistently elevated creatinine levels, persistent anorexia with recent weight loss, the specified hematocrit levels, or presence of nephrotic syndrome."[6] *Id*. The ALJ's decision does

---

[5]Because the record does not contain a medical opinion on the equivalence of plaintiff's interstitial cystitis, the Court need not reach plaintiff's argument that a psychologist may not opine on physical impairments. *See* Docket No. 15 at 3.

[6]The ALJ's determination that plaintiff's impairments due to interstitial cystitis do not meet the section 6.00 listings for genito-urinary system impairments is distinct from the equivalency determination. *See Fowler v. Comm. of Soc. Sec.*, 2013 WL 5372883, at *12 (E.D. Mich. Sept. 25, 2013) ("SSR 96-6p treats equivalence determinations differently from determinations as to whether an impairment meets a listing, requiring expert evidence for the former but not the latter.") (citation omitted); *see also Galloway v. Astrue*, 2008 WL 8053508, at *5 (S.D. Tex. May 23, 2009) ("The basic principle behind SSR 96-6p is that while an ALJ is capable of reviewing records to determine

not discuss the duration of plaintiff's symptoms due to interstitial cystitis. The Court declines to consider a *post hoc* justification for not obtaining a state agency medical opinion on the issue of equivalence regarding plaintiff's interstitial cystitis. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). Moreover, the lack of a medical opinion, as required by SSR 96-6p, on the equivalence of plaintiff's impairments that considers her interstitial cystitis is not rendered harmless by the ALJ's findings at step four and five. *See Carbajal v. Astrue*, No. 10-cv-02025-PAB, 2011 WL 2600984, at *3 (D. Colo. June 29, 2011); *cf. Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005) (insufficiently detailed step three findings may be harmless error where the ALJ makes detailed findings at other steps that confirm rejection of the listings). Although the burden is on plaintiff to demonstrate that her impairment meets or equals a listing at step three, SSR 96-6p requires the ALJ to develop the record by receiving a medical opinion on this issue. *Id*. The Court will reverse and remand for the ALJ to correct this error.

Because the Court is remanding on this issue, it will not address plaintiff's other objections to the ALJ's decision. *Cf. Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

### III. CONCLUSION

For the foregoing reasons, it is

---

whether a claimant's ailments *meet* the Listings, expert assistance is crucial to an ALJ's determination of whether a claimant's ailments are *equivalent* to the listings.") (emphasis in original) (citation and quotation marks omitted)).

**ORDERED** that the decision of the Commissioner denying disability benefits to plaintiff is **REVERSED** and **REMANDED** for additional proceedings consistent with this opinion.

DATED April 22, 2016.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge